# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

FRANKLING NOBEL MEJIA,

    Plaintiff,

v.

VICTORY E & I ROOFING AND
CONSTRUCTION LLC, IGAL
ABERGEL, ELI DARMON,
ADAM J. NOTIS,

    Defendants.
_____/

## COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, FRANKLING NOBEL MEJIA, brings this action against Defendants, VICTORY E & I ROOFING AND CONSTRUCTION LLC, IGAL ABERGEL, ELI DARMON, and ADAM J. NOTIS, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and alleges as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiff FRANKLING NOBEL MEJIA was a resident of the State of Florida and an "employee" of Defendants as defined by the FLSA.

3. At all times material hereto, Defendant, VICTORY E & I ROOFING AND CONSTRUCTION LLC, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of roofing services, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with two or more of its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

1

4. Defendant, IGAL ABERGEL, is a resident of Broward County, Florida and was, and now is, the managing agent, director and/or owner of Defendant, VICTORY E & I ROOFING AND CONSTRUCTION LLC; said Defendant acted and acts directly in the interests of Defendant, VICTORY E & I ROOFING AND CONSTRUCTION LLC, in relation to said co-Defendant's employees. Defendant effectively dominates VICTORY E & I ROOFING AND CONSTRUCTION LLC administratively or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others. Thus, IGAL ABERGEL was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

5. Defendant, ELI DARMON, is a resident of Broward County, Florida and was, and now is, the managing agent, director and/or owner of Defendant, VICTORY E & I ROOFING AND CONSTRUCTION LLC; said Defendant acted and acts directly in the interests of Defendant, VICTORY E & I ROOFING AND CONSTRUCTION LLC, in relation to said co-Defendant's employees. Defendant effectively dominates VICTORY E & I ROOFING AND CONSTRUCTION LLC administratively or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others. Thus, ELI DARMON was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

6. Defendant, ADAM J. NOTIS, is a resident of Miami-Dade County, Florida and was, and now is, the managing agent, director and/or owner of Defendant, VICTORY E & I ROOFING AND CONSTRUCTION LLC; said Defendant acted and acts directly in the interests of Defendant, VICTORY E & I ROOFING AND CONSTRUCTION LLC, in relation to said co-Defendant's employees. Defendant effectively dominates VICTORY E & I ROOFING AND

CONSTRUCTION LLC administratively or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others. Thus, ADAM J. NOTIS was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

7. Defendant IGAL ABERGEL had authority to control Plaintiff's pay, schedule, and duties.

8. Defendant ELI DARMON had authority to control Plaintiff's pay, schedule, and duties.

9. Defendant ADAM J. NOTIS had authority to control Plaintiff's pay, schedule, and duties.

10. Plaintiff worked for Defendants as a general laborer.

11. As part of Plaintiff's employment, Plaintiff handled roofing and cleaning supplies and equipment that were manufactured outside of Florida.

12. Defendants failed to pay Plaintiff his full and proper overtime compensation of 1.5 times Plaintiff's regular hourly rate for all overtime hours worked.

13. Attached as Exhibit A are preliminary calculations of Plaintiff's claims. These amounts may change as Plaintiff engages in the discovery process.

14. Defendants paid some of Plaintiff's compensation in cash "under the table."

15. Defendants have knowingly and willfully refused to pay Plaintiffs their legally-entitled wages by failing to pay Plaintiff his full and proper overtime wages.

16. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

17. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

# COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
### ALL DEFENDANTS

18. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-17 above as if set forth herein in full.

19. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) time-and-a-half overtime pay and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

20. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esquire
Bar No.: 74791